UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEPHANIE ROSIN

Defendant.

Case No. 4:21-CR-00033-BLW-2

**REPORT AND RECOMMENDATION**

On July 27, 2022, Defendant Stephanie Rosin appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charge contained in the Superseding Information (Dkt. 211), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention on January 25, 2021. (Dkt. 12). Defendant initially waived a detention hearing, and an Order of Detention was entered on January 29, 2021. (Dkt. 30). Defendant subsequently filed a Motion for Release from Pretrial Detention on February 12, 2021. (Dkt. 36). A detention hearing was held on March 4, 2021, (Dkt. 57), and the Court entered an Order Setting Conditions of Release. (Dkt. 58). Thereafter, the Court modified the conditions of release to remove Defendant from the curfew/location monitoring program. (Dkt. 129 at 2). Defendant has complied with all terms of her release, and Probation has recommended continued release. (Dkt. 201).

At the change of plea hearing, the Government did not request detention pending sentencing pursuant to 18 U.S.C. § 3143. In addition, the government did not offer any information or state any reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Defendant requested to remain on release pending sentencing for the following reasons: she is living with her husband, their adult daughter

and one-year-old son in Blackfoot, Idaho, and cares for another daughter's three-year-old son for several days each week; she works full time as the general manager of a convenience store in Blackfoot, Idaho; she successfully completed all her treatment programs while on pretrial release and is continuing to attend individual counseling sessions, which would not be available if she were incarcerated; and she has had "no issues of noncompliance" while on pretrial release, including fifteen months of negative drug tests.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, the disruption in the course of treatment of Defendant's substance abuse treatment, Defendant's compliance with the terms of her pretrial release, Defendant's full-time job and role in assisting her daughter with the care of her grandchild, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Stephanie Rosin's plea of guilty to Count One of the Superseding Information (Dkt. 211).

2) The District Court order forfeiture consistent with Defendant Stephanie Rosin's admission to the Criminal Forfeiture allegation in the Superseding Information

(Dkt. 211) and the Plea Agreement.

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss the Superseding Indictment (Dkt. 66) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkts. 58, 129).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 27, 2022

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE